946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marguerite STEPHENSON, Plaintiff-Appellant,
v.
Earline CONNER, an Individual, and Earline C. Conner as
substitute executrix of the estate of James Thomas
Conner, Defendants-Appellees.
 No. 89-35539.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1991.*
Decided Oct. 9, 1991.
 
 Before HUG, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marguerite Stephenson appeals the district court's order dismissing her action against Earline Conner to quiet title to real property in Alaska. Ths district court found that the action was barred by res judicata. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 Under res judicata, a final judgment on the merits bars further claims by parties based on the same cause of action.... Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.
 
 
 4
 Montana v. United States, 440 U.S. 147, 153 (1979) (citations omitted). Federal courts are required to give "full faith and credit" to state judicial proceedings. 28 U.S.C. § 1738; Gilbert v. Ben-Asher, 900 F.2d 1407, 1410 (9th Cir.1990), cert. denied, 111 S.Ct. 177 (1990). Thus, we look to Alaska law of res judicata and give the state court judgment the same preclusive effect as would a state court. Gilbert, 900 F.2d at 1410; Matter of Lockard, 884 F.2d 1171, 1174 (9th Cir.1989).
 
 
 5
 The Alaska Supreme Court has held that under the doctrine of res judicata, a judgment on the merits bars subsequent actions between the same parties upon the same claim. Ferguson v. Alaska Dep't of Corrections, --- P.2d ----, No. S-3733, 3728, 1991 WL 143913, at * 2 (Alaska Aug. 2, 1991). Res judicata precludes relitigation not only of claims raised in the first proceeding, but also of those relevant claims that could have been raised. Id. Before res judicata can be applied, there must have been a full and fair opportunity to litigate the issue. Id. at * 3.
 
 
 6
 In her complaint, Stephenson, who served as executrix of James Thomas Conner's will, seeks to contest title to real property which was devised to Conner under the will. Stephenson first raised her claims regarding title to the property in the probate proceedings. In re Estate of James Thomas Conner, No. 4FA-83-151-P (Alaska Super.Ct. Oct. 1, 1986). There, the Alaska Superior Court awarded title to Conner. Id. Stephenson appealed that judgment to the Alaska Supreme Court, and her appeal was dismissed. Stephenson v. Estate of James Thomas Conner, No. S-1872 (Alaska Oct. 13, 1987).
 
 
 7
 Stephenson now seeks to relitigate the same claims regarding title to the property. These claims have already been litigated and decided on the merits by the Alaska courts. Thus, the district court correctly dismissed Stephenson's action as barred by res judicata. See Montana, 440 U.S. at 153; Ferguson, 1991 WL 143913 at *2.
 
 
 8
 Conner requests sanctions against Stephenson for bringing this appeal. This court has discretion to impose damages against litigants as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912. An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). Stephenson's claims are wholly without merit. We therefore award attorney's fees and double costs to Conner.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court order dismissing Stephenson's complaint was entered June 30, 1989. Stephenson filed her notice of appeal from that order on July 31, 1989. Judgment was entered August 22, 1989. An order dismissing a complaint is not generally a final appealable order. Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984). Where, however, as here, the district court made it clear that it intended to dispose of the entire action because it could not be saved by amendment, it may be considered final and appealable. Id. Further, where a notice of appeal is filed before entry of judgment but after announcement of the decision, it is treated as timely filed. Guerra v. Sutton, 783 F.2d 1371, 1374 (9th Cir.1986)
 
 
 [2]
 The district court imposed Rule 11 sanctions against Stephenson. Because Stephenson does not address this issue in her brief, it is deemed waived on appeal. See Wilcox, 848 F.2d at 1008 n. 2