961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
RESOLUTION TRUST CORPORATION, as Conservator for Mercury
Savings and Loan Association, Plaintiff-Appellee,
v.
Anthony Paul ROWE, Defendant,
PPD Development Co., Inc.; PBC Development Co.; Sheehan
Development Co. I, Inc.; Jeffrey Sheehan,
Defendants-Appellants.
 No. 91-15088.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 22, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffrey Sheehan appeals pro se and on behalf of PPD Development Co., PBC Development Co., and Sheehan Development Co.[1] (collectively "Sheehan") the district court's denial of his motion to vacate the injunction pendente lite barring Sheehan from transferring certain property and funds. Sheehan contends that the district court failed to hold a hearing prior to granting the injunction. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and affirm.
 
 
 3
 Plaintiff-appellee Resolution Trust Corporation ("RTC") as receiver for Mercury Savings and Loan Association ("Mercury") seeks to recover loan proceeds and property which Sheehan allegedly fraudulently obtained from Mercury. On June 11, 1992, the district court granted RTC's application for a temporary restraining order, and scheduled a hearing on preliminary injunction for June 19, 1990. The hearing was held as scheduled, and the court heard argument from both parties. The court granted the injunction pendente lite at the conclusion of the hearing, and on July 3, 1990, issued an order memorializing the injunction. On July 6, 1990, the district court appointed a special master to administer the injunction. On November 26, 1990, Sheehan filed a "motion to vacate the TRO."[2] The district court denied this motion on December 20, 1990, and Sheehan timely filed this appeal.
 
 
 4
 We review the district court's grant of an injunction or denial of a motion to vacate an injunction for abuse of discretion. FSLIC v. Sanhi, 868 F.2d 1096, 1097 (9th Cir.1989). Here, Sheehan's appeal is timely only as to the denial of the motion to vacate the injunction, and therefore we do not have jurisdiction to review the merits of the injunction itself. See Gon v. First State Ins. Co., 871 F.2d 863, 866 (9th Cir.1989).
 
 
 5
 Sheehan contends that the district court denied him a hearing on the merits of the injunction. Sheehan contends that the district court never held a hearing on the merits, and that the special master was supposed to hold a hearing on the merits and never did so. These contentions are without merit. The record clearly shows that the district court held a hearing on the injunction, and the transcript shows that the court heard argument from counsel for Sheehan. Further, in its July 3, 1990 order granting the injunction, the district court clearly states that it considered the pleadings and papers of both parties as well as the arguments presented at the hearing. Sheehan received a hearing on the merits of the injunction, and his contentions otherwise are meritless. The district court did not abuse its discretion by denying Sheehan's motion to vacate the injunction. See Sanhi, 868 F.2d at 1097.
 
 
 6
 RTC requests sanctions against Sheehan for bringing this appeal. This court has discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988) ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. Sheehan's claims are wholly without merit. Accordingly, we impose $1,500 damages as a sanction.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Sheehan is not an attorney, the district court authorized his representation of defendant-appellant corporations
 
 
 [2]
 In his motion and in his brief on appeal, Sheehan incorrectly refers to the district court's order as a "TRO." In fact, the district court had already granted an injunction pendente lite, and that was the subject of the motion to vacate