967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Paul BLEVINS, Plaintiff-Appellant,
v.
Philip S. VAVALIDES, Maricopa County Deputy Public Defender,
et al., Defendants-Appellees.
 No. 91-16123.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 17, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Paul Blevins, an Arizona prisoner, appeals pro se the district court's summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action for damages. Blevins, who pleaded guilty to one count of attempted bank robbery, alleges that his public defenders rendered him ineffective assistance of counsel and conspired with the prosecutors to coerce his guilty plea. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We affirm.
 
 
 3
 A motion for summary judgment should be affirmed only if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). There is no genuine issue of material fact if the party opposing the motion "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex v. Catrett, 477 U.S. 317, 323 (1986). The party opposing the motion is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Id. at 324 (quoting Fed.R.Civ.P. 56(e)). Conclusory allegations unsupported by factual data are insufficient to withstand a summary judgment motion. List, 880 F.2d at 1045.
 
 
 4
 The district court properly granted summary judgment in favor of the defendants to the extent that Blevins alleges that his public defenders rendered him ineffective assistance of counsel. Blevins does not state a section 1983 claim because public defenders are private persons for purposes of section 1983. See Polk v. Dodson, 454 U.S. 312, 325 (1981).
 
 
 5
 The district court also properly granted summary judgment in favor of the public defenders on Blevins's claim that his public defenders conspired with the prosecutors to coerce his plea.
 
 
 6
 In support of his conspiracy claim, Blevins alleges that the prosecutors recklessly overcharged him to gain leverage to obtain a favorable plea agreement. He asserts that the prosecutors would not have been able "to succeed with [this] ... nefarious scheme without the aid, agreement, and active assistance" of the public defenders. He further asserts that the public defenders' assistance in this scheme is demonstrated by the "zone defense" criminal justice system in Maricopa County whereby public defenders are assigned to specific courtrooms rather than to particular clients. This system, he argues, encourages the public defenders to become friends with the prosecutors, who also are assigned to particular courtrooms. This system, he concludes, is incompatible with the adversary system of justice and resulted in a conspiracy between the public defenders and the prosecutors to coerce his plea.
 
 
 7
 Blevins's conclusory allegations of the public defenders' alleged conspiracy with the prosecutors are insufficient to establish a genuine issue of material fact, and thus the district court properly granted summary judgment in favor of the public defenders. See Celotex, 477 U.S. at 323; List, 880 F.2d at 1045; see also Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982) (vague and conclusory allegations of conspiracy are insufficient to withstand a motion to dismiss).
 
 
 8
 In his complaint, Blevins also named the County of Maricopa. The district court dismissed the County on the ground that Blevins failed to state a Monell claim. Blevins has not raised this issue on appeal and thus has waived it. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 1 (9th Cir.1988). We observe, however, that because Blevins has not established a genuine issue of material fact that his constitutional rights were violated, his claim against the County lacks merit.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3