985 F.2d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bill BLANKSTYN, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70341.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 3, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayer Bill Blankstyn appeals pro se the tax court's dismissal for failure to state a claim of his petition seeking redetermination of deficiencies in income taxes and additions to tax for tax years 1987 and 1988. The tax court also imposed a $5,000 penalty on Blankstyn pursuant to 26 U.S.C. § 6673. We have jurisdiction to review final orders of the tax court under 26 U.S.C. § 7482. We review de novo, Wilcox v. Commissioner, 848 F.2d 1007, 1998 (9th Cir.1988), and affirm the tax court's decision and its imposition of damages. In addition, we award sanctions of $1,500 against Blankstyn pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912 for bringing a frivolous appeal.
 
 
 3
 The Commissioner's deficiency determinations are presumed correct, and the petitioner bears the burden of proving them incorrect in a proceeding in tax court. Hokanson v. Commissioner, 730 F.2d 1245, 1249 (9th Cir.1984). The petitioner is required to give clear and concise assignments of each error allegedly committed by the Commissioner in the determination of deficiency, and clear and concise statements of the facts which support the assignments of error. 26 U.S.C. § 7453; Tax Ct.R. 34(b)(4), (5).
 
 
 4
 Blankstyn did not file a tax return or pay any income tax for the tax years 1987 and 1988. Consequently, the Commissioner issued notices of deficiency to Blankstyn, asserting deficiencies in tax and additions to tax. In his petition to the tax court challenging the deficiencies, Blankstyn argued that he was born in Illinois which is not within the United States, his residence is in Arizona which is not within the United States, he has "no known natural or conventional disabilities which would make him subject to the jurisdiction of the government of the United States," and raised numerous other frivolous arguments. Blankstyn alleged no cognizable errors in the Commissioner's determinations nor any facts to support such errors. Thus, the tax court did not err by dismissing his petition for failure to state a claim. See Hokanson, 730 F.2d at 1249.[1] In view of the clearly frivolous arguments raised by Blankstyn, the tax court also did not abuse its discretion by imposing $5,000 damages as a sanction against him. See Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985).
 
 
 5
 The Commissioner requests sanctions against Blankstyn for bringing this appeal. We have discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox, 848 F.2d at 1008-09 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. On appeal Blankstyn argues as he did below, that he is a "non-resident alien" not subject to income taxation. He does not raise any claims of error in the Commissioner's determination of deficiencies but appears to base his argument on his assertion that Arizona, his place of residence, is not within the United States. Because this argument is wholly without merit, we impose $1,500 damages as a sanction against Blankstyn.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Blankstyn has attached a "Second Amended Petition" to his brief on appeal. Because this petition was never filed in the tax court, we decline to consider it for the first time on appeal. See United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992)