995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charlotte DELLATORRE; Randy Johnstone; Jacqueline Smith, Plaintiffs,
and
Thomas E. Beck, Appellant,
v.
Donald PRESTON; Eugene Turney; Vincent Greva, et al.,
Defendants-Appellees.
 No. 89-55670.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 4, 1993.
 
 Before: HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas E. Beck appeals pro se the district court's order sanctioning him in the amount of $1000.00 for failure to file a Pre-Trial Conference Order pursuant to Local Rule 9 of the United States District Court for the Central District of California. Beck contends the district court abused its discretion by sanctioning him because he had good cause not to file the pretrial order. Beck further contends the sanctions were unduly severe. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review a district court award of sanctions for abuse of discretion. FTC v. Alaska Land Leasing, Inc., 799 F.2d 507, 510 (9th Cir.1986). The district court's power to sanction attorneys for violations of local rules is well established. Zambrano v. City of Tustin, 885 F.2d 1473, 1477 (9th Cir.1989). In order to be valid, however, a court's authority to impose sanctions must arise either from inherent or statutory power. Id. at 1478.
 
 
 4
 If the court's power to sanction parties stems from statutory authority, the court's discretion is limited by a number of factors: (1) the sanctions must not conflict with the Federal Rules or with other statutes; (2) there must be a close nexus between the conduct being sanctioned and the "need to preserve the integrity of the court docket;" (3) the penalty must be fair; and (4) each sanction levied must be "proportionate to the offense." Id. at 1480. In determining whether a sanction is proportionate to the misconduct it punishes, the court has a responsibility to consider imposing less drastic sanctions before the court awards a monetary sanction. Id. Finally, a court whose power to impose sanctions is statutory may exercise that power only if it finds gross negligence, reckless or willful conduct on the part of the miscreant. Id.
 
 
 5
 Here, Beck, an attorney, filed this 42 U.S.C. § 1983 action on behalf of plaintiffs in district court on February 23, 1987. On April 11, 1989, the district court granted in part and denied in part defendants' motion for summary judgment. On April 24, 1989, plaintiffs moved for reconsideration of the district court's order. The motion for reconsideration was scheduled to be heard on May 22, 1989. The Pre-Trial Conference was scheduled to take place on May 15, 1989.[1]
 
 
 6
 On April 17, 1989, defendants' counsel sent Beck a letter requesting him to contact defendants' counsel in order to set up a meeting pursuant to Local Rule 9.4.[2] Beck never contacted defendants' counsel to arrange such a meeting. Beck also failed comply with Local Rule 9.8 by submitting a Pre-Trial Conference Order to the court forty days prior to the Pre-Trial Conference.[3] On May 9, 1989, defendants moved the court to sanction Beck for failure to comply with Rules 9.4 and 9.8. On May 12, 1989, Beck filed his response to defendants' motion. The district court granted defendants' request on May 15, 1989 after a hearing on the matter. The court sanctioned Beck in the amount of $1000.00 for failure to file a Pre-Trial Conference Order in accord with Rule 9.8.
 
 
 7
 In the event that a party fails to file a Pre-Trial Conference Order, Rule 9.8 explicitly empowers the court to impose sanctions on the party in breach. Rule 9.8 does not conflict with any Federal Rules or with other statutes. See Zambrano, 885 F.2d at 1480. In addition, the court's imposition of sanctions upon attorney Beck is closely tied to the court's need to "preserve the integrity of the court docket." See id. Beck's failure to comply with the local rules forced the court to continue the pre-trial conference and imposed needless delay upon defendants' counsel. Further, it is clear from the record that Beck was aware of his obligation to file a Pre-Trial Conference Order. In light of Beck's knowing and intentional failure to file the Order, the district court did not abuse its discretion by sanctioning Beck in the amount of $1000.00. See Alaska Land Leasing, Inc., 799 F.2d at 510.
 
 
 8
 Beck contends he should not have been sanctioned because he had good cause for failing to comply with Rule 9.8. He contends he could not reasonably be expected to file a Pre-Trial Conference Order when defendants' counsel had not filed their Rule 9 papers, and the court had not yet ruled on his motion to reconsider the court's partial summary judgment for defendants.[4] These arguments lack merit.
 
 
 9
 Although Beck contends he could not file a Pre-Trial Conference Order until defendants disclosed the information specified under Rule 9, Rule 9.8 makes clear that it is the plaintiff's burden to prepare and file the order with the court; defendants' duty is to cooperate with plaintiff's counsel in its preparation. See Local Rule 9.8. Beck does not allege defendants' counsel did not cooperate with his efforts to prepare the Order. Further, the record shows that Beck did not make any efforts to prepare the Order.
 
 
 10
 In addition, there was no reason for Beck to wait until the court ruled on his motion for reconsideration of its partial summary judgment order. Beck was required by Rule 9.8 to file a Pre-Trial Conference Order without regard to what the court might rule in a subsequent motion.[5] Rule 9.8.3 specifically provides that the Pre-Trial Order may be modified at a later date to prevent manifest injustice pursuant to Fed.R.Civ.P. 16.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Pre-Trial Conference had already been continued twice
 
 
 [2]
 Local Rule 9.4 requires counsel for all parties to meet at least forty days prior to the date of the Pre-Trial Conference in order to exchange lists of witnesses and exhibits, stipulate to facts, and resolve outstanding discovery matters
 
 
 [3]
 Local Rule 9.8 provides: "A Pre-Trial Conference Order shall be prepared by plaintiff's counsel and signed by all counsel. It is the duty of all counsel to cooperate with plaintiff's counsel in the preparation and submission of the Pre-Trial Conference Order as required by this rule. Failure of counsel to comply shall subject counsel to the sanctions provided by the provisions of Local Rule 27 and 28 U.S.C. § 1927."
 Local Rule 27.1 provides: "The violation of or failure to conform to any of these Local Rules, the F.R.Civ.P., F.R.Crim.P. or F.R.App.P., shall subject the offending party or counsel to such penalties, including monetary sanctions and/or the imposition of costs and attorneys' fees to opposing counsel, as the Court may deem appropriate under the circumstances."
 Because the district court in this case relied on Local Rule 27 as its authority to impose sanctions on counsel for failure to file a pre-trial conference order, we need not consider 28 U.S.C. § 1927 here. See Miranda v. Southern Pac. Transp. Co., 710 F.2d 516, 519-20 (9th Cir.1983).
 
 
 [4]
 Beck further contends that the district court abused its discretion by failing to sanction defendants for their failure to comply with Rule 9. We need not address this issue, however, because Beck never moved the court to sanction defendants for their failure to comply with Rule 9 and because Beck raises this issue for the first time on appeal. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 3 (9th Cir.1985)
 
 
 [5]
 Beck admitted at the hearing on his failure to file the Pre-Trial Conference Order that he could, in fact, have filed the Order based on status of the action at that time