12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph A. RYAN, Plaintiff-Appellant,
v.
David C. SCHUTTER, et al., Defendants-Appellees.
 No. 92-16102.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1993.*
Decided Dec. 13, 1993.
 
 Before: POOLE, WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Attorney Joseph A. Ryan appeals pro se the district court's dismissal of his action against a former client, her attorneys, the president of the Hawaii state bar association, and various Doe defendants. The district court dismissed the action for lack of subject matter jurisdiction and imposed sanctions in the amount of $1,668.85, the amount of attorney's fees and costs incurred by the defendants in this action.
 
 
 3
 We review de novo the district court's dismissal for lack of subject matter jurisdiction. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We review the imposition of sanctions pursuant to Fed.R.Civ.P. 11 for an abuse of discretion. Cooter & Gell v. Hartmarx, 496 U.S. 384, 405 (1990). We affirm.
 
 
 4
 * In his complaint, Ryan asserted that the defendants conspired to commit "commercial bribery" and covered up their crime by suing him for malpractice in state courts. This conduct, Ryan claimed, subjected him to emotional distress, harmed his reputation, and constituted malicious prosecution and negligence.
 
 
 5
 The district court properly dismissed the action for lack of subject matter jurisdiction. Ryan's claims are state law claims for emotional distress, harm to reputation, malicious prosecution, and negligence which provide no basis for federal subject matter jurisdiction. Moreover, Ryan essentially asks this court to review the state court's judgment in the malpractice proceedings, which is impermissible under the Rooker/Feldman doctrine. See MacKay v. Pfiel, 827 F.2d 540, 543-45 (9th Cir.1987).
 
 
 6
 Ryan argues that federal jurisdiction exists because a prior federal class action suit, Bush v. Rewald, disposed of his former client's claims and bars her malpractice suit against him. He raised this as a defense in the state malpractice proceedings and in a prior federal action seeking to enjoin the state court proceedings, which was stayed pending resolution of the state court proceedings. Because Ryan already raised this argument in his prior federal action seeking to enjoin the state proceedings, raising it again is duplicative to the extent that Ryan wants to enjoin the state proceedings. Moreover, Ryan apparently does not want to enjoin any state proceedings but instead raises the Bush v. Rewald argument to show that the defendants maliciously sued him in state court. Thus, he presents it only as evidence in support of his state tort claims, and the district court properly determined that it lacked federal subject matter jurisdiction.
 
 II
 
 7
 Ryan appeals the district court's imposition of Rule 11 sanctions of $1,668.85, the amount of attorney's fees and costs incurred by the defendants.
 
 
 8
 Under Rule 11, sanctions must be imposed for (1) frivolous filings and (2) filings for an improper purpose. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1991) (en banc). Because Ryan filed a frivolous action, the district court did not abuse its discretion by imposing Rule 11 sanctions.
 
 III
 
 9
 The defendants request that this court impose sanctions against Ryan for filing a frivolous appeal.
 
 
 10
 This court may impose damages as a sanction for filing a frivolous appeal. Fed.R.App.P. 38; Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). An appeal is frivolous if the result is obvious or the arguments are wholly without merit. Wilcox, 848 F.2d at 1009. Ryan's appeal is frivolous, and we award damages to the appellees in the amount of their attorney's fees plus single costs.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3