83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Raymond Velmar LUND; Madeline Ann Lund, Debtors.
David KUAN, Appellant,
v.
Theodor C. ALBERT, Trustee, Appellee.
 No. 95-55887.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Kuan, a former landlord and creditor of Chapter 7 debtors Raymond and Madeline Lund, appeals pro se a decision of the district court affirming an order of the bankruptcy court approving a compromise of a controversy. The controversy involved the allocation of $25,000 in proceeds received by Raymond Lund as a settlement of a legal malpractice action brought by Lund against Lund's attorney. The Lunds and the trustee divided the $25,000. We have jurisdiction pursuant to 28 U.S.C. § 158(d) and affirm.
 
 
 3
 A "bankruptcy court's order approving the trustee's application to compromise [a] controversy is reviewed for abuse of discretion." Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1380 (9th Cir.), cert. denied, 479 U.S. 854 (1986). "The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." Id. at 1380-81. Accordingly, "[t]he law favors compromise and not litigation for its own sake, and as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed." Id. at 1381 (citations omitted) (emphasis added).
 
 
 4
 Here, the record indicates that the bankruptcy court considered various factors in determining that the compromise agreement was reasonable. Specifically, the court noted that the law was unsettled regarding the underlying legal question and therefore litigation would most likely be costly and detrimentally affect the estate. The court also considered the estate's lack of funds, the relatively small amount of money at issue and the interests of the creditors. Given the court's consideration of these factors, we cannot say that the bankruptcy court abused its discretion by approving the trustee's motion to compromise the controversy. See id.
 
 
 5
 We agree with the district court that Kuan's argument that he did not receive notice of the motion to compromise is unavailing in light of his submission of timely moving papers in opposition to the motion. Moreover, the record appears to indicate that service of the motion properly was made in accordance with Bankruptcy Rule 2002(g).
 
 
 6
 Kuan appears to contend that the compromise order is void because of the trustee's alleged conflict of interest. This contention lacks merit because Kuan failed to show how the alleged conflict influenced the reasonableness of the compromise agreement. See Stoumbos v. Kilimnik, 988 F.2d 949, 964 (9th Cir.), cert. denied, 114 S.Ct. 190 (1993) (upholding the validity of the appointment of counsel to represent the trustee even though counsel also represented the creditor because there was no "actual conflict of interest").
 
 
 7
 The trustee has requested sanctions against Kuan for filing a frivolous appeal. We have discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988) (imposing $1,500 sanction on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009 (citation omitted). Pursuant to Rule 38, as amended December 1, 1994, a request for sanctions should be contained in "a separately filed motion ... and reasonable opportunity to respond" should be given. See Fed.R.App.P. 38.
 
 
 8
 Here, the trustee's request for sanctions was not separately filed as a motion. Moreover, Kuan's issues on appeal are not so frivolous as to warrant sanctions under Rule 38. Accordingly, the trustee's request for sanctions is denied.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3