Robert P. WILCOX,
Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–Appellee.

No. 87–7312.

United States Court of Appeals,
Ninth Circuit.

Submitted April 25, 1988.[*]

Decided June 7, 1988.

Robert P. Wilcox, Stanton, Cal., for petitioner-appellant.

Kenneth W. Rosenburg, Atty., Dept. of Justice, Washington, D.C., for respondent-appellee.

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before BARNES, KILKENNY, and GOODWIN, Circuit Judges.

BARNES, Circuit Judge:

Robert Wilcox, pro se, appeals the tax court's grant of the Commissioner's motion to dismiss his petition for redetermination for failure to state specific grounds of error in the Commissioner's calculation of Wilcox's tax deficiency. We affirm the tax court's decision and impose the sanctions requested by the Commissioner.

Wilcox reported no income, paid no taxes, and apparently failed to file an income tax return for 1981. Consequently, the Commissioner sent Wilcox a notice of deficiency for 1981. Wilcox petitioned for a redetermination of his tax deficiency. The Commissioner moved to dismiss Wilcox's petition under Tax Ct.R. 120(a) because Wilcox failed to allege any specific assignments of error in his petition, as required by Tax Ct.R. 34(b)(4) and (5). The tax court ordered Wilcox to file a more specific amended petition. Wilcox filed an amended petition stating that his original petition was specific enough and realleging the allegation from his original petition.

The tax court dismissed Wilcox's petition, imposed the deficiency and penalized Wilcox $2,000 in damages under 26 U.S.C. § 6673 for filing a frivolous petition. Wilcox filed a timely notice of appeal.[1]

## I. Dismissal

We review decisions of the tax court on the same basis as we review decisions entered after civil bench trials in the district court. *Mayors v. Commissioner*, 785 F.2d 757, 759 (9th Cir.1986). We review de novo the grant of a motion to dismiss. *United Energy Owners Comm., Inc. v. United States Energy Management Sys., Inc.*, 837 F.2d 356, 360 (9th Cir.1988).

Wilcox contends the tax court erred in dismissing his petition. He raises four allegations of error: (1) his wages are not income, (2) payment of taxes is voluntary for American citizens,[2] (3) the tax court's imposition of the burden of proof upon him violates due process, and (4) the Commissioner's failure to provide him with an administrative fact finding hearing prior to issuing the notice of deficiency violates due process.[3] Wilcox's contentions lack merit.

First, wages are income. *Carter v. Commissioner*, 784 F.2d 1006, 1009 (9th Cir.1986). Second, paying taxes is not voluntary. *Id.* Third, placing the burden of proof on the taxpayer does not violate due process. *Rockwell v. Commissioner*, 512 F.2d 882, 885 (9th Cir.), *cert. denied*, 423 U.S. 1015, 96 S.Ct. 448, 46 L.Ed.2d 386 (1975). Finally, failing to provide a taxpayer with an administrative fact finding hearing does not violate due process. *See Nunley v. Commissioner*, 758 F.2d 372, 373 (9th Cir.1985) (*citing Cafeteria & Restaurant Workers, Local 473 v. McElroy*, 367 U.S. 886, 894–95, 81 S.Ct. 1743, 1748–49, 6 L.Ed.2d 1230 (1961)); *see generally Rockwell*, 512 F.2d at 887. Thus, the tax court appropriately dismissed Wilcox's petition.

## II. Sanctions

The Commissioner requests $1,500 damages as a sanction. This court

---

**1.** Wilcox also filed a petition for a writ of mandamus directing the Commissioner and the Chief Judge of the tax court to comply with tax court pleading rules. This court filed an order denying Wilcox's petition. *See Wilcox v. Commissioner*, No. 87–7522 (9th Cir. March 4, 1988).

**2.** In his petition for redetermination, Wilcox also argued that filing a tax return was voluntary, and the Privacy Act of 1974 protects the voluntary nature of filing a tax return. He has not mentioned these arguments in his brief. Arguments not addressed in a brief are deemed abandoned. *See Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir.1988); *cf. Swimmer v. IRS*, 811 F.2d 1343, 1345 (9th Cir.1987) (pro se litigants must abide by court rules). Therefore,

this court need not address Wilcox's arguments on voluntary filing.

**3.** Wilcox also argues for the first time on appeal that the income tax is direct and unapportioned and thereby violates Article I, § 9, cl. 4 of the Constitution. Even though this court usually does not consider issues raised for the first time on appeal, *see Bolker v. Commissioner*, 760 F.2d 1039, 1042 (9th Cir.1985), income may be taxed without apportionment under the Sixteenth Amendment. *Brushaber v. Union Pac. R.R.*, 240 U.S. 1, 18–19, 36 S.Ct. 236, 241–42, 60 L.Ed.2d 493 (1916); *see Ficalora v. Commissioner*, 751 F.2d 85, 87–88 (2d Cir.1984), *cert. denied*, 471 U.S. 1005, 105 S.Ct. 1869, 85 L.Ed.2d 162 (1985).

has discretion to impose damages as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912. An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit. *DeWitt v. Western Pac. R.R.,* 719 F.2d 1448, 1451 (9th Cir.1983). This court has previously held that all of the contentions which Wilcox raises are frivolous or wholly without merit. *See Carter,* 784 F.2d at 1009; *Nunley,* 758 F.2d at 373; *Rockwell,* 512 F.2d at 887. Accordingly, we award the Commissioner's request for damages of $1,500 as a sanction. *See Cook v. Spillman,* 806 F.2d 948, 949 (9th Cir. 1986) (court awarded $1,500 damages as a sanction where taxpayer raised frivolous claims).

AFFIRMED.