LEO MASTERS AND BARBARA MASTERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Masters v. Commissioner
Docket No. 44887-86
United States Tax Court
T.C. Memo 1989-477; 1989 Tax Ct. Memo LEXIS 477; 57 T.C.M. (CCH) 1561; T.C.M. (RIA) 89477; August 31, 1989
Leo Masters and Barbara Masters, pro sese. Kathryn E. Rooklidge, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: This case was assigned to Special Trial Judge Norman H. Wolfe pursuant to the provisions of section 7443A(b) and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE WOLFE, Special Trial Judge: This case is before the Court on respondent's Motion For Judgment on the Pleadings and Motion for Assessment of Damages under I.R.C. section 6673 and petitioners' Cross-Motion For Summary Judgment. On August 20, 1986, respondent issued a notice of deficiency to petitioner Barbara Masters and *479 on September 25, 1986, and October 22, 1986, he issued notices of deficiency to petitioner Leo Masters. In these notices respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Leo Masters
1981
1982
Deficiency
$ 11,567.00
$ 6,666.00   Additions to Tax
Section 6651(a)(1)
2,758.00
1,666.50   Section 6653(a)(1)
578.35
333.30   Section 6653(a)(2)
*   50% of the interest due on $ 6,666.00   Section 6654
836.10
649.00   Section 6661
-   666.60   Barbara Masters
1982
Deficiency
$ 2,221.00     Additions to Tax
Section 6651(a)(1)
553.25     Section 6653(a)(1)
111.05     Section 6653(a)(2)
50% of the interest due on $ 2,213.00   Section 6661
215.00     These determinations of deficiencies and additions to tax are based on petitioners' unreported income. Respondent determined that Leo Masters for 1981 and both petitioners for 1982 failed to file income tax returns within the time prescribed by law and *480 did not show that the failure to file on time was due to reasonable cause. Respondent also determined that Leo Masters for 1981 and both petitioners for 1982 underpaid estimated tax and that part or all of the underpayments of tax for the same periods were due to negligence or intentional disregard of rules or regulations. On November 21, 1986, petitioners, residents of Bellflower, California, filed a joint petition with this Court. Respondent filed an answer on January 13, 1987. Pursuant to Rule 120, on January 7, 1988, respondent filed a Motion for Judgment on the Pleadings. On the same date respondent filed a Motion For Assessment of Damages under I.R.C. section 6673. Petitioners filed a Notice of Objection on January 22, 1988. On February 3, 1988, petitioners filed a Cross-Motion for Summary Judgment. Proceedings were automatically stayed pursuant to 11 U.S.C. section 362(a)(8) (1982) because on March 21, 1988, petitioners filed a petition in bankruptcy. The bankruptcy proceedings were dismissed on October 3, 1988, and the automatic stay was lifted. On November 28, 1988, petitioners filed a Motion For Leave To Amend Petition, *481 which has been granted, and petitioners' first amended petition has been filed. Petitioners do not dispute the deficiencies here except by general statements of disagreement. They raise no genuine issue of material fact. They assert only a series of tax protestor type arguments. For example, they urge that they are citizens of California and therefore citizens of the United States but not subject to the jurisdiction of the United States. In support of this conclusion petitioners cite U.S. Const. art. IV, sec. 2, cl.1: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." This provision simply does not provide a basis for petitioners' claim to exemption from income tax. Petitioners have appeared in this Court many times and their frivolous and groundless contentions repeatedly have been rejected and damages have been awarded. See Masters v. Commissioner , T.C. Memo. 1989-212, summarizing this litigation. Tax protestor arguments like those asserted by petitioners repeatedly have been rejected by this Court and others as inapplicable or without merit. See, e.g., Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), *482 affg. a Memorandum Opinion of this Court; Rowlee v. Commissioner, 80 T.C. 1111 (1983). There is no need for repetition of those discussions in this case. Petitioners have failed to plead facts or advance any legal theory that would indicate that respondent's determinations are incorrect. Accordingly, we find that each of the petitioners is liable for tax and additions to tax in the amounts shown on the respective notice of deficiency issued to such petitioner. Respondent's Motion For Judgment on the Pleadings will be granted. Petitioners' Cross-Motion for Summary Judgment will be denied. We find that the petition and first amended petition are frivolous and groundless and that they were filed primarily for delay. Accordingly, respondent's Motion for Assessment of Damages will be granted and we award damages in the amount of $ 5,000 to the United States pursuant to the provisions of section 6673. An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. No section 6653(a)(2) addition was determined for 1981.↩