956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony FABBRI, Plaintiff-Appellant,
v.
SHERATON PLAZA LA REINA HOTEL, Defendant-Appellee.
 No. 91-55090.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 4, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Fabbri appeals pro se the district court's dismissal of his action based on fraud and perjury. Fabbri raised his claims pursuant to 18 U.S.C. § 1623. The district court dismissed Fabbri's amended complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]
 
 
 3
 We review de novo a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. Id. Dismissal is appropriate only if the district court concludes that the plaintiff can prove no set of facts to support her claim for relief. Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987).
 
 
 4
 Here, Fabbri filed his complaint for fraud and perjury in district court, claiming that certain witnesses had testified falsely in Fabbri's employment discrimination action against the Sheraton Plaza La Reina Hotel ("Hotel").[2] Fabbri filed an amended complaint alleging that the Hotel's witnesses acted "with the intent and knowledge to win the lawsuit by false representations before a court," in violation of 18 U.S.C. § 1623.[3] Fabbri also asserted that Fed.R.Civ.P. 9(b) ("Rule 9(b)") supported his fraud claim.
 
 
 5
 Fabbri may not bring a civil claim for fraud or perjury based on 18 U.S.C. § 1623 because that provision is a criminal statute and does not create, explicitly or implicitly, any civil liability. See Keaukaha-Panaewa Community Ass. v. Hawaiian Homes Commission, 588 F.2d 1216, 1222-24 (9th Cir.1978), cert. denied, 444 U.S. 826 (1979). Furthermore, Rule 9(b) merely requires a party asserting a fraud claim to set forth his or her claim with particularity. It does not establish a private cause of action. See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir.1989) (Rule 9(b) applicable to fraud claim brought under section 10(b) of the Securities Exchange Act of 1934).
 
 
 6
 Because Fabbri's asserted facts did not state a claim for relief, the district court properly dismissed Fabbri's amended complaint. See Tanner, 879 F.2d at 576.
 
 
 7
 The Hotel has requested attorneys' fees and costs for this appeal. Because Fabbri's arguments on appeal are wholly without merit and frivolous, we grant the Hotel's request and award $1500 in attorneys' fees and costs. See Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument and denies appellant's request. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Fabbri also claims that Judge Hupp was biased because of his involvement in another action brought by Fabbri. Upon review of the record, we find no evidence of personal bias or prejudice requiring Judge Hupp to disqualify himself. See 28 U.S.C. § 455
 
 
 [2]
 Fabbri brought his employment discrimination action in 1984. After a trial, the district court entered judgment in favor of the Hotel in 1987
 
 
 [3]
 18 U.S.C. § 1623 establishes criminal liability for false declarations before the grand jury or court. A person convicted of this offense faces a fine or imprisonment. 18 U.S.C. § 1623(a)