977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re DIAMOND BAR ESTATES NO. 4, Debtor.
Robert ERILANE, Appellant,
v.
Edward McCRARY; Herbert Wolas, Appellees.
 No. 91-56482.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 20, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Erilane, a limited partner of Chapter 7 debtor Diamond Bar Estates No. 4, appeals pro se the Bankruptcy Appellate Panel's decision affirming the bankruptcy court's decision approving a compromise agreement between the bankruptcy trustee and Edward McCrary, a partner of secured creditor Diamond Bar Limited Partnership. We have jurisdiction pursuant to 28 U.S.C. § 158(d) and affirm.
 
 
 3
 Diamond Bar Estates No. 4 purchased land from Diamond Bar Limited Partnership by making a down payment of $5,000, executing a note secured by a wrap around deed of trust for $113,650, and making a payment of $8,240 in prepaid interest. The bankruptcy court originally ordered the trustee to pay $30,987.81 to McCrary, and that amount was paid to McCrary by the trustee. A dispute arose between Erilane and McCrary regarding the proper accounting of the prepaid interest. The court ruled that McCrary was entitled to an additional $3,024.68 plus reasonable attorneys fees. Erilane appealed to the BAP on many grounds, and the BAP affirmed the bankruptcy court's ruling but remanded on the single issue of the prepaid interest. The BAP's decision was not appealed. On remand to the bankruptcy court, the matter was set for trial. Erilane contended that McCrary owed the estate $8,000. McCrary then offered a compromise whereby he would waive the $3,024.68 and all attorneys fees (estimated at more than $6,500) in order to avoid trial in return for allowance of his claim in the amount previously paid by the trustee. The trustee agreed to the compromise and the bankruptcy court approved the compromise.
 
 
 4
 We review the bankruptcy court's order approving the compromise agreement for abuse of discretion. Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1380 (9th Cir.), cert. denied, 479 U.S. 854 (1986). The bankruptcy court may approve a compromise only if it is fair and equitable. Woodson v. Fireman's Fund Ins. Co. (In re Woodson), 839 F.2d 610, 620 (9th Cir.1988). In determining whether the compromise is proper, the court must consider: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. Id. (citing In re A & C Properties, 784 F.2d at 1381). "The law favors compromise and not litigation for its own sake, and as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed." In re A & C Properties, 784 F.2d at 1381 (citations omitted).
 
 
 5
 Erilane contends that the bankruptcy court's order should be reversed because the bankruptcy court failed to consider the four factors outlined in In re A & C Properties and because the compromise was not fair and equitable.[1] These contentions lack merit. First, the motion to compromise addressed the In re A & C Properties factors, and the transcript of the hearing on the motion to compromise reveals that the bankruptcy court adequately considered these factors. See id. Second, the bankruptcy court correctly concluded that the compromise was fair and equitable. Because a relatively small amount was at stake, and because the litigation was potentially complex, any potential for success was outweighed by the expense, delay, and inconvenience of the litigation. See id. Furthermore, although Erilane and one other limited partner of the debtor opposed the compromise, the general partner and the trustee supported it. Given these circumstances, we find no abuse of discretion in the bankruptcy court's decision approving the compromise. See id. at 1380.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Erilane's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Erilane also contends that the bankruptcy court erred by approving the compromise because the motion was made by McCrary and only a trustee has authority to bring such a motion. See Bankr.R. 9019(a). This contention lacks merit. The trustee and McCrary made the motion jointly, and the trustee appeared at the hearing in support of the motion. Accordingly, the motion to compromise was properly brought
 
 
 [2]
 In the exercise of our discretion, we decline to award McCrary sanctions on appeal. See Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988)