988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles B. CARLON, Plaintiff-Appellant,
v.
CITY OF LONG BEACH, City of Long Beach Department of
Planning and Building; Eugene J. Zeller, Superintendent of
the City of Long Beach Department of Planning and Building;
Tom Sauter, Senior Combination Building Inspector of the
City of Long Beach Department of Planning and Building; et
al., Defendants-Appellees.
 No. 92-55029.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 4, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-91-2555-SVW, Stephen V. Wilson, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles B. Carlon appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action against the City of Long Beach and two city officials (City) stemming from the City's demand pursuant to local ordinances that he abate a public nuisance by repairing or demolishing a residence that was severely damaged by fire. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 In August 1990, Carlon's residence, located in the city of Long Beach, was damaged by fire. On October 31, 1990, as a result of the fire damage to his property, the City mailed Carlon a notice of "Substandard Building," an "Order to Secure Building," and an "Order to Vacate" his residence. On November 30, 1990, Carlon appealed the City's notices. On February 1, 1991, Carlon was sent a notice of a hearing on the matter. The hearing was held before the City's Board of Examiners Appeals and Condemnation (Board) on February 11, 1991, but Carlon failed to appear. The Board determined that Carlon's property constituted a public nuisance and notified Carlon that he could either demolish or repair the property by March 11, 1991. Carlon did not respond to this notification and on May 3, 1991, the City posted a "Notice of Intent to Demolish" on Carlon's property and sent him a letter notifying him of the City's intent to demolish his property.
 
 
 5
 On May 10, 1991, Carlon filed the present action seeking damages for violations of his constitutional rights, a declaratory judgment that the City violated his civil rights, and an injunction to prevent the City from demolishing his property. On May 14, 1991, the district court held a hearing on Carlon's request for injunctive relief. At the hearing, the district court suggested and the City agreed that Carlon be afforded notice and a second hearing before the Board regarding the demolition of his property.
 
 
 6
 On May 21, 1991, the City notified Carlon of a hearing before the Board on June 17, 1991. Following this hearing, which Carlon attended, the Board determined that Carlon's property was a public nuisance and ordered the nuisance abated. Carlon appealed the Board's decision to the Long Beach City Council which held a hearing on the matter on July 10, 1991. Carlon attended the appeal hearing, following which the City Council affirmed the decision of the Board.
 
 II
 Merits
 A. Due Process
 
 7
 "This court reviews a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the correct substantive law." Americana Trading Inc. v. Russ Berrie & Co., 966 F.2d 1284, 1287 (9th Cir.1992).
 
 
 8
 Carlon contends that the City's decision to demolish his fire-damaged residence constitutes deprivation of his property without due process. This contention lacks merit.
 
 
 9
 "A fundamental constitutional principle is that some form of hearing, with notice of its availability, must occur before a person is finally deprived of a property interest." Kennerly v. United States, 721 F.2d 1252, 1257 (9th Cir.1983) (citing Mathews v. Eldridge, 424 U.S. 319, 333 (1976)).
 
 
 10
 Here, it is undisputed that Carlon has a property interest in his residence subject to due process protection. Carlon does not contest the City's claim that on May 21, 1991, Carlon was personally served with notice of a hearing on the City's determination that Carlon's property constituted a public nuisance. He also does not contest the City's claims that (1) a hearing was held on July 17, 1991, (2) Carlon attended and participated in the hearing, (3) Carlon appealed the Board's determination following the hearing to the City Council, and (4) an appeal hearing in which Carlon also participated was held by the City Council on July 30, 1991. Nevertheless, Carlon argues in general that the hearings are "extremely biased, violate due process, and are a waste of tax payers money." In his opposition to the City's motion for summary judgment, Carlon also argued that the administrative hearings are not impartial and that allegedly inadmissible evidence is routinely admitted. Although Carlon is obviously dissatisfied with the outcome of the hearings, he fails to cite to any specific instance of misconduct by the City at the hearings regarding his property.
 
 
 11
 Thus, because Carlon was clearly afforded sufficient notice and opportunities to be heard, the City did not violate his constitutional right to due process. See kennerly, 721 F.2d at 1256-57. Accordingly, the district court did not err by granting summary judgment for the City.
 
 B. Appellate Sanctions
 
 12
 The City requests that we impose sanctions against Carlon for filing a frivolous appeal. Although we recognize that we have discretion to impose sanctions against pro se litigants for filing frivolous appeals, see Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988), we decline to do so in this instance.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3