8 F.3d 34
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sherman S. WEBER, Plaintiff-Appellant,
v.
Abraham GORENFELD; Superior Court of the County of Los
Angeles; County of Los Angeles; Shield & Smith
Law Firm, et al., Defendants-Appellees.
 No. 92-55441.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 2, 1993.*
Decided Sept. 30, 1993.
 
 Before: TANG, CANBY AND BEEZER, CIRCUIT JUDGES.
 
 
 1
 MEMORANDUM**
 
 
 2
 We affirm the district court's Rule 11 sanctions against appellant Sherman S. Weber, imposed after a remand from this court.
 
 
 3
 The district court's order did not violate this court's earlier mandate. Our remand authorized the district court to determine "whether sanctions should be imposed" for Weber's baseless claims against the Superior Court and the County, "and, if so, the amounts thereof." We also directed the district judge to reconsider the sanction imposed for filing the motion for reconsideration, but we did not dictate the outcome of that reconsideration.
 
 
 4
 The district court's order after remand imposed no sanctions for Weber's claim against Gorenfield; it confined itself to the claims against the County and Superior Court that we had previously held to be baseless. The district court also made clear that its sanctions for the motion for reconsideration were based on violations of Rule 7.16, which we said "may justify the imposition of sanctions."
 
 
 5
 The amount of the sanctions was well within the discretion of the district court. See Cooter & Gell v. Hartsmarx Corp., 496 U.S. 384, 405 (Rule 11 sanctions reviewed for abuse of discretion). The sanctions were payable to the County of Los Angeles as a party, not to the United States Treasury. They consequently did not violate the excessive fines clause of the Eighth Amendment, which "was intended to limit only those fines directly imposed by, and payable to, the government." Browning-Farris Indus., Inc. v. Kelco Disposal, Inc., 492 U.S. 257 (1989).
 
 
 6
 We conclude that this appeal is frivolous. See Wilcox v. Comm'r of Internal Revenue, 848 F.2d 1007, 1008-09 (9th Cir.1988) (appeal frivolous if result is obvious, or arguments of error are wholly without merit). Sanctions of fifteen hundred dollars ($1,500.00) are awarded-against Weber, to be recovered by the County of Los Angeles and Superior Court of the County of Los Angeles in addition to their regular costs. Fed.R.App.P. 38.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3