24 F.3d 244
 73 A.F.T.R.2d 94-1939
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alexander F. BEDDOE, Plaintiff-Appellant,
v.
Raymond SPILLMAN; Robert Mizell; Patricia L. Cunningham;
Gail Arndt; and Robert D. Allphin, Sr., et al.,
Defendants-Appellees.
 No. 93-16753.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 14, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alexander F. Beddoe appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b)(1) motion for relief from judgment. We review for an abuse of discretion, Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991), and we affirm.
 
 
 3
 Beddoe filed this action against several agents of the Internal Revenue Service and sought to state a claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), for deprivation of property without due process. On July 1, 1993, the district court dismissed the action under Fed.R.Civ.P. 12(b)(6) and 12(b)(1). On July 21, 1993, Beddoe filed a motion under Fed.R.Civ.P. 60(b)(1) and requested that the district court reopen the case to allow him to file an amended complaint under 28 U.S.C. Secs. 1330 and 1605(a)(1)(4)(5).[1] The district court denied the motion, finding Beddoe's argument "patently frivolous".
 
 
 4
 We agree with the district court that Beddoe's argument that he should be allowed to amend his complaint to state a claim under sections 1330 and 1605(a) is frivolous. Neither of these statutory provisions applies to the defendants in this action. Accordingly, we affirm the district court's denial of the Fed.R.Civ.P. 60(b) motion.
 
 
 5
 The appellees request an award of $1,500 damages, in lieu of costs and attorney's fees, as a sanction against Beddoe for bringing this appeal. We have discretion to impose damages against litigants, even those proceeding pro se, for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988) ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Id. at 1009.
 
 
 6
 The district court repeatedly warned Beddoe that he would be sanctioned if he continued to pursue frivolous claims. Nevertheless, Beddoe filed this appeal, in which his arguments of error are wholly without merit. Accordingly, we grant the appellees' request for an award of $1,500 damages as a sanction against Beddoe. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under 28 U.S.C. Sec. 1330, federal district courts have jurisdiction over "any nonjury civil action against a foreign state[.]" Section 1605(a) provides that: "[a] foreign state shall not be immune from the jurisdiction of courts of the United States" in certain specified cases