106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bartolome GONZALEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70538.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Agn-uhh-rxl.
 BIA
 REVIEW DENIED.
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bartolome Gonzalez, a native and citizen of El Salvador, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's ("IJ") decision denying his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a, and we deny the petition for review.
 
 
 3
 We review a denial of asylum for an abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). The factual findings underlying the decision will be upheld if supported by substantial evidence. Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994), overruled in part on other grounds by Fisher v. INS, 79 F.3d 955, 963 (9th Cir.1996). We will uphold the decision unless the evidence compels a contrary result. INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992); Shirazi-Parsa, 14 F.3d at 1427.
 
 
 4
 To qualify for asylum, an applicant must show that he is a refugee as defined in 8 U.S.C. § 1101(a)(42)(A). This is established by evidence of past persecution or of a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. Ramos-Vasquez, 57 F.3d at 862. To establish a well-founded fear of persecution, the applicant bears the burden of showing both a genuine subjective fear of persecution and an objectively reasonable fear of persecution. Id. The objective component requires a showing by credible, direct and specific evidence in the record. Id.
 
 
 5
 Gonzalez seeks asylum based on a well-founded fear of future persecution on account of imputed political opinion. At the hearing, Gonzalez testified that in March, 1994, he and his cousin were approached by guerillas who wanted their help to "commit crime." Gonzalez testified that he was targeted for recruitment because his brother had served as a sergeant in the El Salvadoran army. The guerrillas informed Gonzalez and his cousin that they had one month to decide what they wanted to do, but that if they decided not to collaborate, the guerrillas would kill them. Gonzalez left El Salvador in April, 1994.
 
 
 6
 Gonzalez also testified that after entering the United States, he received a letter from his brother who had served in the El Salvadoran army informing him that the guerillas had been looking for him and that another brother had been beaten by the guerillas in May, 1994. According to Gonzalez, the letter also states that the guerillas were killing persons who have family members in the El Salvadoran army.
 
 
 7
 To establish a well-founded fear of persecution on the basis of political opinion, the applicant must establish, inter alia, an objectively reasonable fear that he will be persecuted "because of that political opinion." Elias-Zacarias, 502 U.S. at 483 (emphasis in original); see also Sangha v. INS, No. 95-70427, slip op. at 198 (9th Cir. Jan. 9, 1997). In Elias-Zacarias, the United States Supreme Court held that an applicant's refusal to join guerilla forces is not enough by itself to show that the applicant's persecutors acted "on account of" the applicant's political views. See Elias-Zacarias, 502 U.S. at 482-83. The Court held that the applicant must submit other evidence to show that the persecution was based on political opinion. See id. at 482.
 
 
 8
 Here, even if the guerillas imputed the pro-government views of Gonzalez's brother who had served in the El Salvadoran army to Gonzalez, there is no direct and specific evidence that the guerillas chose to recruit Gonzalez particularly because of his views. Rather, as Gonzalez acknowledged at the asylum hearing, it appears the guerillas' motivation in recruiting him was "to help them commit crime." An applicant is not persecuted on account of political opinion when his persecutors are acting in furtherance of their own goals in filling their ranks. See Sangha, No. 95-70427, slip op. at 205.
 
 
 9
 While Gonzalez contends that one of his brothers was beaten by the guerillas approximately one month after Gonzalez left El Salvador, this does not compel a determination that Gonzalez has a well-founded fear of persecution. Although we have held that acts of violence against the applicant's family members can establish a well-founded fear of persecution, we have required that this violence create a pattern of persecution closely tied to the applicant. See Ramos-Vasquez, 57 F.3d at 861. Allegations of isolated violence are not enough. Id. Gonzalez has not argued that the beating of his brother was part of a pattern of persecution closely tied to him and his political opinion.
 
 
 10
 Although Gonzalez asserts that guerillas are killing persons who have family members who served in the El Salvadoran military, the BIA reasonably relied on the U.S. State Department's Bureau of Democracy, Human Rights and Labor country profile on El Salvador in concluding that the peace process, with its amnesty law and with both sides of the civil war agreeing to work within the electoral process, made it unlikely that Gonzalez would be subjected to any mistreatment by the guerillas motivated by political reasons. The BIA "may rely on a Bureau opinion in determining whether an applicant is entitled to asylum." Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).[1]
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Gonzalez failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. See Ghaly, 58 F.3d at 1429. Moreover, although the BIA affirmed the IJ's denial of voluntary departure to Gonzalez, Gonzalez has not appealed that determination. See Wilcox v. Comm'r of Internal Revenue, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) (arguments not addressed in a brief are deemed abandoned)