108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abdul ALJABI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70630.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Azb-ugw-eaj.
 BIA
 REVIEW DENIED.
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abdul Aljabi, a native and citizen of Syria, petitions for review of an order of the Board of Immigration Appeals ("BIA"), which dismissed his appeal of an immigration judge's ("IJ") decision denying his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 We review a denial of asylum for an abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). The factual findings underlying the decision will be upheld if supported by substantial evidence. Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994), overruled in part on other grounds by Fisher v. INS, 79 F.3d 955, 963 (9th Cir.1996) (en banc). We will uphold the decision unless the evidence compels a contrary result. INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992); Shirazi-Parsa, 14 F.3d at 1427.
 
 
 4
 To qualify for asylum, an applicant must show that he is a refugee as defined in 8 U.S.C. § 1101(a)(42)(A). This is established by evidence of past persecution or of a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Ramos-Vasquez, 57 F.3d at 862. To establish a well-founded fear of persecution, the applicant bears the burden of showing both a genuine subjective fear of persecution and an objectively reasonable fear of persecution. Id. The objective component requires a showing by credible, direct and specific evidence in the record. Id.
 
 A. Asylum Application
 
 5
 Aljabi seeks asylum based upon past persecution and a well-founded fear of future persecution on account of political opinion. At the hearing, Aljabi testified that, from 1986 to 1988, he was involved in a moderate Muslim group which met weekly to discuss ways of stopping the activities of the Muslim Brotherhood, an association of what Aljabi describes as Muslim fundamental fanatics. According to Aljabi, the Muslim Brotherhood seeks to crush the Syrian government and impose their fundamentalist beliefs on the Syrian people. On one occasion, armed members of the Muslim Brotherhood came to Aljabi's place of employment, tried to threaten him with their guns, and told him that "if you're trying to conduct these meetings anymore, you're going to be in trouble." Aljabi testified that his group held one more meeting, after which members of the Muslim Brotherhood arrived at his house looking for him. Aljabi was not home at the time, and his father contacted him and told him not to come home because the Muslim Brotherhood was looking for him.[1] Aljabi then left Syria and arrived in the United States in September, 1988.
 
 
 6
 Aljabi also submitted a letter he received from his Syrian wife in 1995 advising him that, "the situation is not very hopeful [because] they are still asking about you in many different ways." The letter also stated that a friend had disappeared. Aljabi testified that he fears that he might disappear like his friend if he were forced to return to Syria.
 
 
 7
 In dismissing Aljabi's appeal, the BIA stated that "we are unpersuaded that the Immigration Judge's decision was in error." The IJ denied Aljabi's application for asylum on the ground that it was "created out of whole cloth and it is totally fabricated." This negative credibility finding is supported by substantial evidence in the record. See Vilorio-Lopez v. INS, 852 F.2d 1137, 1141 (9th Cir.1988) (stating that we review the credibility findings of the IJ for substantial evidence). First, the IJ relied upon the United States Department of State 1994 Country Report on Syrian Human Rights Practices, which states that Syria has been under a state of emergency almost continuously since 1963 and that the government exercises its vast powers under martial law "so effectively that there have been few antiregime manifestations." According to the 1994 report, there were no reports of political killings or disappearances. Based on this information, the IJ reasonably found it implausible that the Syrian government would allow the Muslim Brotherhood to attack Aljabi and his moderate Muslim group.
 
 
 8
 Second, the IJ found that the letter Aljabi introduced from his wife in Syria was not worthy of belief because, among other reasons, it was dated after Aljabi filed his asylum application, and was obviously contrived to support the application.
 
 
 9
 Because the IJ's determination that Aljabi's case was totally fabricated is supported by substantial evidence, the IJ properly denied Aljabi's application for asylum and the BIA properly dismissed Aljabi's appeal.
 
 B. Withholding of Deportation
 
 10
 Because Aljabi failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995). Moreover, although the BIA affirmed the IJ's denial of voluntary departure, Aljabi has not appealed that determination. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) (stating that arguments not addressed in a brief are deemed abandoned).
 
 C. Boilerplate Opinion
 
 11
 We reject Aljabi's argument that the BIA issued a boilerplate opinion that failed to address his arguments. As noted by the BIA in its order, Aljabi's brief on appeal to the BIA bore no relation to his case and did not contain any discussion related to the factual determinations or legal conclusions reached by the IJ. Nonetheless, the BIA recited the facts of Aljabi's case, applied the relevant law and arrived at a decision supported by substantial evidence.
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Aljabi did not specify the dates on which these incidents occurred