127 F.3d 1105
 80 A.F.T.R.2d 97-7641, 97-2 USTC P 50,902,
Unempl.Ins.Rep. (CCH) P 15818B.10,
Unempl.Ins.Rep. (CCH) P 16001B.10
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony C. LING, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 97-70336.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
 Decided Oct. 27, 1997.
 
 Appeal from the United States Tax Court
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Anthony Ling appeals pro se a decision of the United States Tax Court ("tax court") upholding the Commissioner of Internal Revenue's determination of an income tax deficiency of $435 for tax year 1993. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review the tax court's legal conclusions de novo, see Condor Int'l, Inc. v. Commissioner, 78 F.3d 1355, 1358 (9th Cir.1996), and we affirm.
 
 
 3
 Ling contends that his gambling winnings in the amount of $2,874 are not taxable income. Ling concedes that he received $2,874 in gambling winnings from Bay Meadows Race Track in 1993 and that he failed to report this amount on his 1993 federal income tax return. However, Ling argues that this amount should not be included in his taxable income because he lost more at the race track than he won in 1993. We disagree. Gambling winnings are taxable income. See Campodonico v. United States, 222 F.2d 310, 314 (9th Cir.1955). Although Ling could have deducted his gambling losses to the extent of his gambling gains, see 26 U.S.C. § 165(d), Ling elected to take the standard deduction instead of itemizing his deductions.[1]
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Ling has not challenged the tax court's imposition of an accuracy-related penalty under 26 U.S.C. § 6662(a) of $87, we do not address it. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)