**Russell S. GREENE, Petitioner— Appellant,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

No. 00–70922.
U.S. Tax Ct. No. 15225–98.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.[1]

Decided June 27, 2001.

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Before O'SCANNLAIN, SILVERMAN and GOULD, Circuit Judges.

MEMORANDUM [2]

Russell Greene appeals pro se the decision of the Tax Court upholding the Commissioner of Internal Revenue's determination of deficiencies in income tax for tax years 1992 through 1996. We have jurisdiction pursuant to 26 U.S.C. §§ 7482, 7483, and we affirm.

We review the tax court's conclusions of law de novo and its findings of fact for clear error. *See Boyd Gaming Corp. v. Commissioner*, 177 F.3d 1096, 1098 (9th Cir.1999). Because Greene stipulated to the Commissioner's evidence that he received wages and compensation but did not file tax returns during those years, the Tax Court did not err by holding that Greene was liable for the tax deficiencies pursuant to 26 U.S.C. § 61(a) and for statutory penalties pursuant to 26 U.S.C. § 6651(a)(1). Greene's contentions that his income was not taxable and that the government lacked authority to assess the deficiency are entirely without merit. *See Wilcox v. Commissioner*, 848 F.2d 1007, 1008 (9th Cir.1988).

We reject Greene's contention that this case must be remanded because the Tax Court failed to rule on his motion to dismiss the petition for lack of jurisdiction, which he filed after the Tax Court entered a decision. The government concedes that the Tax Court should have deemed Greene's motion to dismiss as a motion for reconsideration and decided the motion.

Nevertheless, the Tax Court's failure to do so did not violate Greene's due process rights since his motion to dismiss raised an entirely meritless contention that the IRS committed procedural irregularities rendering its notice of deficiency invalid. *See Droz v. Commissioner*, 48 F.3d 1120, 1125 (9th Cir.1995).

We further reject Greene's contention that the Tax Court lacked jurisdiction over him because the IRS issued a notice of deficiency without first sending him a 30–day letter (a form letter designed to inform the taxpayer of the administrative appeal process, *see* 26 C.F.R. § 610.105(d)(1)(iv)) or without conducting formal proceedings before the IRS Appeals Division. The Tax Court's jurisdiction does not depend upon any preliminary proceedings, but requires only issuance of a valid deficiency notice. *See Kantor v. Commissioner*, 998 F.2d 1514, 1521 (9th Cir.1993). Because a taxpayer is entitled to a de novo proceeding in the Tax Court upon the filing of a timely petition for review, this court will not look behind a deficiency notice to question the procedures leading to a determination. *Id.*

Accordingly, the decision of the Tax Court is AFFIRMED.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.