Jose **FONSECA**, Plaintiff–Appellee,

v.

**CITY OF LONG BEACH, a Municipal Corporation; Officer P. William Lebaron, Defendants–Appellants.**

No. 00–56714.

D.C. No. CV 98–7279 CM(RCx).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2002.

Decided Feb. 20, 2002.

Before ARCHER,* O'SCANNLAIN,
and SILVERMAN, Circuit Judges.

MEMORANDUM **

Officer William LeBaron appeals the denial of his motion for judgment as a matter of law after the jury returned a verdict in favor of Jose Fonseca and awarded $250,000 in damages. The facts and prior proceedings are known to the parties; they are not recited herein, except as necessary.

---

* The Honorable Glenn L. Archer, Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

## I

■ LeBaron claims that he is entitled to qualified immunity. We need not reach Fonseca's contention that LeBaron waived qualified immunity by failing to raise it properly below. Viewing the evidence in the light most favorable to Fonseca, we conclude that a reasonable police officer would not have believed he had probable cause to arrest Fonseca for lewdness. *See, e.g., Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001); *Willingham v. Loughnan,* 261 F.3d 1178, 1185 n. 9 (11th Cir.2001). At best, Fonseca aroused suspicion by (1) visiting a public restroom that was notorious for lewd behavior, (2) making eye contact with LeBaron as he approached the restroom, (3) washing his hands *before* urinating, (4) pulling his foreskin back twice, and (5) not immediately urinating as he stood at the toilet. These observations fall short of giving a reasonable officer probable cause to arrest someone for lewdness. *See Saucier,* 121 S.Ct. at 2156.

## II

■ LeBaron also claims the district court erred in allowing Fonseca to testify that he believed he would have to register as a sex offender if convicted. Fonseca's testimony was relevant in that it showed the emotional stress he endured while the criminal charges were pending. LeBaron emphasizes that contrary to Fonseca's belief, the charged offense did not carry a registration requirement. However, the district court properly limited Fonseca's testimony as to what he believed at the time criminal charges were pending. Further, the court instructed the jury that the charged offense did not in fact carry a registration requirement. Therefore, the district court did not abuse its discretion. *E.g., United States v. Sarno,* 73 F.3d 1470, 1507 (9th Cir.1995).

## III

■ LeBaron claims he is entitled to a new trial on the basis of newly discovered evidence. After trial, LeBaron "discovered" that Fonseca's prosecuting attorney was prepared to testify that he never told Fonseca that the charged offense required sex offender registration. LeBaron fails to show why this· evidence was not discoverable at trial. As such, the district court did not abuse its discretion in denying LeBaron's motion for a new trial. *E.g., United States v. Sarno,* 73 F.3d 1470, 1507 (9th Cir.1995).

## IV

■ Finally, LeBaron challenges the damages award as excessive. The jury's $250,000 award is not "grossly excessive or monstrous." *Lambert v. Ackerley,* 180 F.3d 997, 1011 (9th Cir.1999) (en banc). Fonseca endured two criminal trials and was not exonerated until nearly a year after his arrest. He was under the mistaken impression that he faced sex offender registration. The district court did not err in failing to set aside the award.

## V

We deny Fonseca's motion to sanction LeBaron for filing a frivolous appeal. LeBaron's arguments on appeal are not wholly without merit. *See Wilcox v. Comm'r,* 848 F.2d 1007, 1009 (9th Cir.1988).

**AFFIRMED**