Rhoneil Ahavano AGUASIN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–70521.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2008.*

Filed Oct. 30, 2008.

Rhoneil Ahavano Aguasin, San Jose, CA, pro se.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Daniel Eric Goldman, Esquire, Senior Litigation Counsel, Allen W. Hausman, Esquire, Blair O'Connor, Assistant Director, OIL, Emily Anne Radford, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HUG, BRUNETTI, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Rhoneil Aguasin petitioned pro se for review of a Board of Immigration Appeals ("BIA") order affirming the decision of an Immigration Judge ("IJ"). We liberally construe pleadings by pro se litigants, *Agyeman v. I.N.S.,* 296 F.3d 871, 878 (9th Cir.2002); however, because Aguasin assigns no error to the BIA decision in any of his filings before this court, he abandoned any arguments challenging the merits of the BIA decision. *See Wilcox v. C.I.R.,* 848 F.2d 1007, 1008 n. 2 (9th Cir. 1988) (holding that a pro se litigant abandoned arguments not raised in his opening brief); *Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (internal quotations omitted)).

The only arguments presented to this court by Aguasin are claims he failed to raise with either the IJ, where he was represented by counsel, or the BIA. Because we lack jurisdiction to consider claims that have not been administratively

** This disposition is not appropriate for publication and is not precedent except as provid-

exhausted, *Zara v. Ashcroft,* 383 F.3d 927, 930 (9th Cir.2004), we lack jurisdiction to consider any of Aguasin's claims and must dismiss his petition for review.

Even if this court had jurisdiction over Aguasin's petition for review, Aguasin would not prevail on the merits of his claim. Substantial evidence supports the IJ's adverse credibility determination, as adopted and affirmed by the BIA, because the IJ provided "specific, cogent reasons" for his findings based on inconsistencies in Aguasin's testimony that are evident from the record and go to the heart of the asylum claim. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). Additionally, substantial evidence supports the BIA's and the IJ's findings that Aguasin did not establish eligibility for asylum by demonstrating past persecution or a well-founded fear of future persecution within the scope of the Immigration and Nationality Act. *See* 8 U.S.C. § 1101(a)(42)(A); *cf. Borja v. I.N.S.,* 175 F.3d 732, 736 (9th Cir.1999) (finding persecution on account of political opinion).

**PETITION FOR REVIEW DISMISSED.**