**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 8 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CANDACE P. LEE, | No. 16-17305 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-03250-EMC |
| v. | |
| TODD H. MASTER; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted October 23, 2017**

Before:   McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Candace P. Lee appeals pro se from the district court's judgment dismissing

her 42 U.S.C. § 1983 action alleging excessive force and breach of a settlement

agreement.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal for failure to state a claim under Federal Rule of Civil Procedure

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Lee's request for oral
argument, set forth in her opening brief, is denied.

12(b)(6). *Thompson v. Paul*, 547 F.3d 1055, 1058 (9th Cir. 2008). We affirm.

The district court properly dismissed Lee's excessive force claim because it was barred by the statute of limitations. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (stating that the statute of limitations for § 1983 claims is governed by the forum state's statute of limitations for personal injury claims, including state law regarding tolling).

The district court properly dismissed Lee's claim alleging a breach of a settlement agreement because Lee failed to allege facts sufficient to show that defendants breached the terms of the agreement with her. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, plaintiff must allege facts sufficient to state a plausible claim).

The district court did not abuse its discretion in denying Lee's motion for reconsideration because Lee demonstrated no grounds for relief. *See School Dist. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1261 (9th Cir. 1993) (standard of review).

We reject as unsupported by the record Lee's contentions regarding alleged judicial bias.

Appellees Todd H. Master, Joseph C. Howard, Jr., Howard Rome Martin & Ridley LLP, and Peggy Sue Doyle's request for sanctions, set forth in their answering brief, is denied without prejudice. *See* Fed. R. App. P. 38 (requiring

separately filed motion for damages and costs on appeal); *Wilcox v. Comm'r*, 848 F.2d 1007, 1009 (9th Cir. 1988) (an appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit).

**AFFIRMED.**

16-17305