**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL SALMAN and SUZANNE SALMAN,<br><br>        Plaintiffs-Appellants,<br><br>v.<br><br>CITY OF PHOENIX, a municipal corporation of the State of Arizona and UNKNOWN PARTIES, named as: John Does I-X, Jane Does I-X, Black and White Corporations I-X, and ABC Partnerships I-X,<br><br>        Defendants-Appellees. | No.   16-16053<br><br>D.C. No. 2:12-cv-01219-JAT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted May 15, 2018
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WALLACE and N.R. SMITH, Circuit Judges, and BATTS,[**] District Judge.

Michael and Suzanne Salman appeal, pro se, from the denial of their motion for leave to file a fourth amended complaint and the dismissal of their claims under Federal Rule of Civil Procedure 12(b)(6). The district court concluded that, even after numerous attempts to amend, the proposed fourth amended complaint still failed to state a plausible claim for relief and was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Because the Salmans' pro se appeal involved novel issues of law, the court offered to appoint pro bono counsel and permit re-briefing. Unfortunately, the Salmans declined, instead opting to continue pro se and rest on their original briefing. The Salmans' decision is fatal to their appeal, because the Salmans' briefing waives argument on several dispositive issues relied on by the district court in denying the motion to amend and dismissing the complaint. We now affirm.

1. Plausibility under rule 12(b)(6). The district court determined that the proposed Fourth Amended Complaint failed to allege sufficient facts to state a plausible claim for relief under 42 U.S.C. § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Salmans' appellate briefing never acknowledges, let alone

---

[**] The Honorable Deborah A. Batts, United States District Judge for the Southern District of New York, sitting by designation.

addresses this dispositive ruling by the district court. Accordingly, they cannot prevail on the appeal of their § 1983 claims. *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005); *see also Wilcox v. Comm'r*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988) ("deem[ing] abandoned" arguments not raised in a pro se petitioner's briefing).

2. *Heck v. Humphrey.* The district court concluded that Michael Salman's § 1983 claims were barred under *Heck*, because success on his challenge to the same code provisions under which he was convicted "would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. The Salmans' only challenge to this ruling is their bald assertion that the conduct underlying Michael Salman's conviction is distinct from the conduct underlying the claims in their complaint. In support of this assertion, the Salmans cite authority for the proposition that *Heck* does not bar § 1983 claims that are factually independent from a plaintiff's conviction. Although true that a factually independent § 1983 claim is not barred by *Heck*, the Salmans' have abandoned any argument that they established a plausible constitutional violation—let alone one that is factually independent of Michael Salman's conviction. *See supra*. This defect is not addressed in the Salmans' briefing as to the *Heck* issue, and we will not

manufacture arguments for a party on appeal. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

3. Collateral estoppel. Although the district court held that Suzanne Salman's claims were barred by collateral estoppel, the Salmans' briefing never addresses this issue. Instead, the briefing as to Suzanne Salman asserts only that her claims were not barred under *Heck*, because her sign ordinance conviction was unrelated to the allegations in the complaint. Accordingly, we affirm. *Kama*, 394 F.3d at 1238.

4. Religious Land Use and Institutionalized Persons Act (RLUIPA). In failing to brief this issue on appeal, the Salmans waived any claim that the district court erred in holding that they failed to identify a land use ordinance subject to RLUIPA, 42 U.S.C. § 2000cc. *Greenwood*, 28 F.3d at 977.

5. Remaining Claims. The Salmans' briefing never mentions the district court's dismissal of their Establishment Clause, free exercise, right to privacy, and Due Process Clause claims. Thus, the Salmans abandoned these claims. *Wilcox*, 848 F.2d at 1008 n.2.

**AFFIRMED.**

**Salman v. City of Phoenix, 16-16053**

**WALLACE, J., concurring.**

I concur fully in the majority disposition. I write separately to emphasize that the Salmans failed to brief adequately their argument that *Heck* does not bar a claim based on conduct arising from an incident different from the one that formed the basis of conviction, even if the incidents are close in time or took place under similar circumstances. *See Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005) (en banc). This failure defeats their claim. The only case in the Salmans' opening brief that touches on the temporal issue in *Smith* is *Ballard v. Burton*, 444 F.3d 391, 400-01 (5th Cir. 2006). Even then, the Salmans provide no page citation or discussion of the case. We do not manufacture arguments for appellants.