T.C. Memo. 1999-164

UNITED STATES TAX COURT

KAREN AND GARY FUJITA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 252-98.                    Filed May 14, 1999.

Karen and Gary Fujita, pro sese.

<u>Julie L. Payne</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

PARR, <u>Judge</u>:  Respondent determined a $10,964 deficiency in
petitioners' 1994 Federal income tax, additions to tax under
sections 6651(a)[1] and 6654(a) in the amounts of $630.90 and

_____

[1]All section references are to the Internal Revenue Code in
effect for the taxable years in issue, and all Rule references
                                          (continued...)

$300.54, respectively, and an accuracy-related penalty under section 6662(a) in the amount of $2,192.80.  By separate notice of deficiency, respondent determined an $8,817.80 deficiency in Gary Fujita's (petitioner) 1995 Federal income tax and additions to tax under sections 6651(a) and 6654(a) in the amounts of $1,713.70 and $359.86, respectively.  By separate notice of deficiency, respondent determined a $2,404 deficiency in Karen Fujita's (Mrs. Fujita) 1995 Federal income tax and an addition to tax under section 6651(a) in the amount of $403.25.

The issues for decision are:[2]  (1) Whether for 1994 and 1995 petitioners are properly subject to Federal income tax.  We hold they are.  (2) Whether for 1994 and 1995 petitioners are liable for additions to tax under section 6651(a).  We hold they are. (3) Whether for 1994 petitioners are liable for an addition to tax under section 6654(a).  We lack jurisdiction to decide this issue.  (4) Whether for 1994 petitioners are liable for an accuracy-related penalty under section 6662(a).  We hold they

---

[1](...continued)
are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]The parties stipulated that "The sole issue to be decided by the Tax Court in this case is whether wages paid to a private individual by a private employer constitute property subject to federal income taxation."  We shall not be bound by this stipulation, however, as it does not take into consideration the additions to tax and accuracy-related penalty or that petitioners had income from sources other than wages.

are. (5) Whether for 1995 petitioner is liable for an addition to tax under section 6654(a). We hold he is.

Some of the facts have been stipulated and are so found. The stipulated facts and the accompanying exhibits are incorporated herein by this reference. At the time the petition in this case was filed, petitioners resided in Seattle, Washington.

## FINDINGS OF FACT

Petitioners are husband and wife. Petitioners filed a joint 1994 Federal income tax return on which they reported no taxable income, but attached two Forms W-2. The first Form W-2 was issued to Mrs. Fujita by the City of Seattle and indicated that she earned employee compensation in the amount of $20,419.93. The second Form W-2 was issued to petitioner by the Boeing Co. and indicated that he earned employee compensation in the amount of $43,012.36. On both of these Forms W-2, petitioners wrote

> I did not earn "wages", "salary", or "compensation for services", as defined by Title 26. I am not an officer, employee or elected official of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia. Further, I earned no United States source income or effectively connected income from within the United States as defined in Title 26.

Petitioners did not file a 1995 Federal income tax return.

OPINION

Petitioners do not challenge the facts on which respondent's determinations are based, nor the calculation of tax. Petitioners have stipulated that they received, among other things, wages and interest during the taxable years at issue. Petitioners' argument is merely that they have not been shown any law that provides they are subject to tax. This is not accurate. Respondent's trial memorandum provided petitioners with legal authority regarding their duties as taxpayers. At trial, the Court also directed petitioners' attention to section 61(a) regarding gross income. Nevertheless, petitioners continue to seek to avoid the incidence of Federal income tax by advancing hackneyed rhetoric that has been universally rejected by this and other courts. See, e.g., Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225. We shall not painstakingly address petitioners' assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice to say, petitioners are subject to Federal income tax during the relevant years, and we sustain respondent's deficiency determinations.

In addition, respondent determined additions to tax under sections 6651(a) and 6654(a), and an accuracy-related penalty

under section 6662(a) for 1994.  Respondent also determined

additions to tax under sections 6651(a) and 6654(a)[3] for 1995.

The Commissioner's determinations are presumptively correct, and

the taxpayer bears the burden of proving otherwise.  See Rule

142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioners did not address the additions to tax or the accuracy-

related penalty and have therefore failed to meet their burden.

Accordingly, the additions to tax and the accuracy-related

penalty are sustained.[4]

By motion made at the conclusion of trial, respondent

requested the Court to impose a penalty on petitioners under

section 6673.  Section 6673(a)(1) authorizes the Tax Court to

require a taxpayer to pay to the United States a penalty not to

exceed $25,000 if the proceedings have been instituted or

maintained by the taxpayer primarily for delay or if the

taxpayer's position in such proceedings is frivolous or

groundless.  See sec. 6673(a)(1)(A) and (B).  A position

maintained by the taxpayer is "frivolous" where it is "contrary

to established law and unsupported by a reasoned, colorable

---

[3]The addition to tax for 1995 under sec. 6654(a) applies
only to petitioner, as determined by separate notice of
deficiency.

[4]We do not sustain, however, the addition to tax pursuant to
sec. 6654(a) for 1994.  Petitioners filed a joint Federal income
tax return for 1994.  Therefore, we lack jurisdiction over the
addition to tax pursuant to sec. 6654(a) for 1994.  See sec.
6665(b)(2).

argument for change in the law." <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986).

Petitioners' position, based on stale and meritless contentions, is manifestly frivolous and groundless, and their action has resulted in the waste of limited judicial and administrative resources. Accordingly, respondent's motion is granted, and we shall require petitioners to pay to the United States a penalty pursuant to section 6673(a) in the amount of $1,000.

To reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered under Rule 155</u>.