**Miguel Flores PELAES; Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71781.
Agency Nos. A75–621–622, A73–915–531.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 24, 2004.

Miguel Flores Pelaes, pro se, Maria Magdalena Moto Ramos, pro se, Los Angeles, CA, for Petitioners.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, James R. Grimes, Margaret Perry, DOJ— U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Miguel Flores Pelaes and Maria Magdalena Moto Ramos, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' summary affirmance without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4), of an immigration judge's denial of their applications for cancellation of removal. The petitioners contend that they established exceptional and extremely unusual hardship. They also contend that the BIA erred by streamlining their appeal.

We dismiss the petition in part and deny the petition in part. We lack jurisdiction to review the discretionary determination that an alien failed to establish "exceptional and extremely unusual hardship." *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).[1]

Petitioners' contention that the BIA's opinion insufficiently articulated its reasons for denying relief is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848–49 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part, and DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Petitioners have abandoned any challenges to the Immigration Judge's credibility determinations by failing to raise such challenges in their opening brief. *See Wilcox v. Commissioner,* 848 F.2d 1007, 1008 n. 2 (9th Cir.

1988) (noting that issues not raised in opening brief are deemed abandoned).

