MEMORANDUM **
Former Hawaii state prisoner Anthony Regan appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action alleging numerous constitutional violations against Hawaii state officials. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Aguilera v. Baca, 510 F.3d 1161, 1167 (9th Cir.2007) (summary judgment); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000) (28 U.S.C. § 1915A); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998) (order) (28 U.S.C. § 1915(e)). We affirm.
By failing to identify properly the issues he sought to appeal in his opening brief, Regan has waived any arguments that the district court erred in disposing of his claims. See Entm’t Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir.1997) (“We review only issues which are argued specifically and distinctly in a party’s opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim.”) (citations omitted); Wilcox v. Comm’r, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) (explaining that arguments not raised on appeal by a pro se litigant are deemed abandoned).
Contrary to Regan’s contentions, the district court did not abuse its discretion in sua sponte extending the deadline for filing dispositive motions. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir.2002) (reviewing for abuse of discretion and noting the district court’s broad discretion in supervising the pretrial phase of litigation).
The district court also did not abuse its discretion in not allowing Regan additional time for discovery, given that he neither diligently pursued his previous discovery opportunities nor demonstrated what evidence additional discovery would bring him or how it would avert summary judgment. See Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir.1996) (reviewing for abuse of discretion and holding that the movant must show that the evidence sought exists, would prevent summary judgment, and has been diligently sought).
Finally, the district court did not abuse its discretion in declining to enter default judgment because defendants were not untimely in their answer to Regan’s complaint. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986) (reviewing for abuse of discretion); Fed.R.Civ.P. 4(d)(3) (“A defendant who, before being served with process, timely returns a waiver need not *850 serve an answer to the complaint until 60 days after the request was sent....”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.