
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBBIE HALL,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>IBEW PLUS CREDIT UNION, INC.,[*]<br><br>        Defendant - Appellee. | No. 12-16507<br><br>D.C. No. 2:10-cv-01353-GMN-VCF<br><br>MEMORANDUM[**] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted August 13, 2013[***]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

---

    [*]     All individual defendants were dismissed from this case in an order not at issue on appeal. The only remaining defendant is IBEW Plus Credit Union, Inc.

    [**]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Debbie Hall appeals pro se from the district court's grant of summary judgment to defendant IBEW Plus Credit Union, Inc. ("Credit Union") in her action alleging discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because Hall makes no specific arguments on appeal regarding the district court's grant of summary judgment on her discrimination and harassment claims, we do not consider those claims. *See Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 994–95 (9th Cir. 2009) ("We will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.") (citation and internal quotation marks omitted); *Wilcox v. Comm'r of Internal Revenue*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988) ("Arguments not addressed in a brief are deemed abandoned.") (citation omitted). We likewise decline to consider arguments raised for the first time on appeal. *See Dream Palace v. Cnty. of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004).

Reviewing de novo the district court's grant of summary judgment on Hall's retaliation claim, *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003), we conclude that Hall failed to establish a prima facie case of retaliation. Because

2

Hall has not shown that Credit Union knew she engaged in protected activity before it terminated her, there is no causal link between the adverse employment action, Hall's termination, and her protected activity. *See id.* at 646; *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003) (employer's knowledge of protected activity necessary for causation).

Finally, to the extent Hall's appeal of the district court's discovery rulings is properly raised, it is without merit. District courts have "wide latitude in controlling discovery," *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (citation and internal quotation marks omitted), and the court did not abuse its discretion in this case, *see Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

**AFFIRMED.**